SOUTHERN DISTRICT OF MISSISSIPPI
FILED

APR - 8 2019

ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Octavio Bringas<br>Plaintiff<br>VS.<br>United States Of America<br>B.O.P. and Core-Civic-Acc<br>and others | Civil No. 5:19-CV-00014-DCB-MTP<br><br>Over: DEMAND and Claim<br><br>Over:      Complying with the Court order. |

Motion Complying With The Court Order

TO THE HONORABLE COURT

Comes Now Mr. Octavio Bringas, who respectfully is in compliance with The order of This honorable Court.

1. This honorable Court has ordered me to be sworn under Oath for the Claim, I have lodged before its Consideration.

The foregoing is accomponied with The Sworn under Oath enclosure For the Claim.

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **Octavio Bringas**<br>**Plaintiff**<br>vs.<br>**United States of America**<br>**B.O.P. and CoreCivic-AC**<br>**Hugh Hurwitz**<br>Director (D.O.J.)<br>**Mark Ien**<br>Director (B.O.P.)<br>**Mr. Gillis**<br>Warden CoreCivic-ACCC<br>**Ms. Johnson**<br>Record Supervisor<br>**Ms. Gavette**<br>Grievance coordinator<br>**Ms. Knigt**<br>Case Manager<br>**Ms. Pernell**<br>Counselor<br>**John Doe, Charlie Doe,**<br>**Richard Doe, et. al.**<br>For not knowing their names and or any other partner or insurance company responsible for all mental distress, emotional, physical and psychological harms that the plaintiff has suffered for the negligent actions of the herein defendants.<br>**Defendants** | **Civil No. 5:19-cv-00014-DCB-MTP**<br><br>**OVER: DEMAND**<br>**and CLAIM**<br>**TO THE PROTECTION OF**<br>**THE RULE 2241 and/or 42**<br>**USCS. ¡1983, (...and TORT!)** |

### DEMAND and CLAIM in HABEAS CORPUS URGENTE TO THE PROTECTION OF THE RULE 2241 and/or 42 USCS. ¡1983, (...and TORT!)

#### TO THE HONORABLE COURT

COMES NOW, by his own right and as an indigent the complainant, Mr. Octavio Bringas, hereinafter "the Plaintiff", who respectfully exposes, claims and requests:

1 Of 6

1. The Plaintiff is a confined of legal age, who is under the custody of a private facility named, Adams County Correctional Center, within the Adams County of Mississippi jurisdiction and who after serving his sentence dictated by the Honorable Court of the jurisdiction of Louisiana, is still under custody unlawfully, and arbitrarily to his Constitutional Rights, as established in the 5th and 14th, Amendment of the Constitution of the United States and the Rights to freedom.

2. At the time that this DEMAND and CLAIM in URGENT HABEAS CORPUS is being sending the Plaintiff is being restricted from his freedom, by and under the Private facility known as Corrections Corporation of America (CCA) and/or under the name Adams County Correctional Center, ACCC = Core-Civic, at 20 Hobo Forks Road, Natchez, MS 39190. with the following Mail Address: P.O. Box 1600 Washington MS 39190.

## **JURISDICTION**

3. Since the Plaintiff is still under custody after completing his sentence dictated by the Honorable Court of Louisiana, and the only extraordinary remedy to release a person held in prison unlawfully is the URGENT HABEAS CORPUS, is to understand that this Honorable Court has the jurisdiction and power to protect the Plaintiff his Constitutional Rights. See 5th and 14th, Amendment.

## **EXHAUSTIVA OF ADMINISTRATIVE REMEDIES**

4. In the current case the Plaintiff initiate the Exhausting of Administrative Remedies months before his sentence was completed, when he noticed that according to the document showing his release date, his time of imprisonment was longer, adding several months extra to the sentence that the Court dictated. See as Exhibit # 1; The document that shows the erroneous release date. Also See as Exhibits # 2,3,4,5,6,7,8 and 9. The exhausted remedies that the Plaintiff has done.

5. Given the circumstances that the Plaintiff served his sentence and that actually he finds himself doing extra time that he should have not, his serving is wrongfully and unlawfully to keep him in imprisonment under the harsh conditions of prison while waiting for the person responsible of this error to resolve it through a Administrative remedy that could delay many months, which could add up to one year, and by the time that this is fixed, probably the wrong date that it is shown in the Exhibit #1. already came or passed. Such action will be backing up the fact that his Right to freedom as it is established in the constitution keeps on being violated, causing mental distress and emotional harm to the Plaintiff. Therefore, an early resolution is as an URGENT remedy is sought before this HONORABLE COURT, without having to go through a long list of Administrative Remedies.

6. As this Honorable Court has knowledge, many subjects matter emerge from the uniform. Administrative procedures that justify to not EXHAUST the Administrative remedies, among them. (a), when exist an strict violation to a Constitutional right "like in this case." (b), When the time that takes to Exhaust the Administrative remedies is too long before an eminent situation that is affecting a human being, whom Constitutional Right is being violated, as is happening in this case.

7. The Plaintiff understands that this Honorable Court has the Jurisdiction to grant a just remedy, without the long period clear fundamentals exist in the current case that justify for the non exhausting of the Administrative remedies.


**\*\*RECOR OF THE CASE\*\***

8. The Plaintiff was arrested by the State of Louisiana on March 13th 2017, where he was charged with the Crime of involuntary slaughter and was sentenced to 5 years in state prison to serve 25% of it, in other words 15 months, this sentence was a concurrent-sentence with a federal case.


9. From the beginning  of the case the State jurisdiction as well as the federal jurisdiction were interested to press charges against the Plaintiff.  Seven days after the arrest, March 20th  2017 the Plaintiff was transferred to federal jurisdiction by the US. Marshalls, where he was charged with arm possession and illegal re-entry, and was kept under federal custody until he was sentenced .


10. The Plaintiff was processed and sentenced by the federal jurisdiction to 24 months, a concurrent-sentence with the state sentence. See Exhibit. #: 10.


11. As this Honorable Court must know a federal sentence of 24 months with the good time is served in 21 months and 14 days, So, from March 20th 2017, to January 2nd 2019, is the time required to serve the 24 month sentence dictated by the Honorable Court of Louisiana, the Plaintiff have served his sentence however, at the time the Plaintiff is sending this **DEMAND and CLAIM in HABEAS CORPUS URGENTE TO THE PROTECTION OF THE RULE 2241 and/or 42 USCS. [1983, (...and TORT!)** he is still under custody 40 days after he served his time.


12. To make things worst the document that shows the date of his release, has a serious error according to this document his release date will be July 30th 2019, six months and 26 days after the date that he should have been released, according with the sentence given by this Honorable Court. See Exhibit. #: 1. Computation Sheet. Also, See as Exhibit # 10, Federal sentence.

13. As it was said before at the time the plaintiff is sending his DEMAND and CLAIM in URGENT HABEAS CORPUS, 40 days already passed since he serve his sentence of 24 months, concurrent-sentence with his State Case No. LA 2477691, the Plaintiff is unlawfully held in prison without a due legal process that gives them the right to keep him in custody, violating his constitutional right, established in the constitution of the United States.

14. (VIII),  The Plaintiff understands that the courts of both jurisdiction took in consideration the fact that the Crimes were merged in one event, therefore both courts dictated a concurrent-sentence.

15. (X),  Comes now the Plaintiff, before this Honorable Court of the jurisdiction of Mississippi, exposing the following: The U.S. Marshals arrested and took into custody the Plaintiff on March 20th, 2017 and was kept under Federal jurisdiction while he was prosecuted and until he was sentenced, a concurrent-sentence with the State charges; See Federal Sentence. Exhibit #10.

16. (XI),  The Plaintiff being equitable does not pretend the Federal sentence would be counted from the date he was arrested by the State of Louisiana on March 13th, 2017, but it be fair if such Federal sentence is counted from the time that he was taken by the U.S. Marshals to Federal jurisdiction on March 20th, 2017, where he never left until after he was sentenced, when he was transferred again back to State jurisdiction, to continue with the State process.

17. (XII).  Like it was said before the Plaintiff was sentenced by Federal Court to 24 months, and as this court knows a 24 months sentence with good time is served after 21 months and 14 days, therefore from March 20th, 2017, the date that the U.S. Marshals took custody of the Plaintiff to January 2nd, 2019, are the 21months and 14  days required to serve a 24 months sentence, so at the time the Plaintiff is' sending this remedy of DEMAND and CLAIM in URGENT HABEAS CORPUS, 40 days passed since he served his sentence dictated by the  Federal Court and he is still in prison unlawfully, without a due legal process, violating his constitutional right to freedom guaranteed by the 5th and 14th,  Amendment of the Constitution of the U.S.

**PLEAD FOR REQUEST**

18. That this Honorable Court take in consideration that the Federal sentence was a concurrent-sentence with the State sentence and the Plaintiff have served his State sentence since July 13th, 2018; and his Federal sentece since January 2nd 2019.

19. Thus, the Plaintiff pleads to this Honorable Court that before a fair remedy to be granted to compensate for the harm and damages that were committed against the Plaintiff, as a consequence of all the NEGLIGENTS, unlawfully and painful actions committed against him.

20. In James C. Trezevant  v. CITY OF TAMPA, 741 F. 2d 336, (11th  Cir 1984) the court determined the following: that for 23 minutes of unlawful imprisonment of a prisoner that the amount of compensation shall be $25,000.00.

21. In the present case the plaintiff has been unlawfully incarcerated against his right to freedom, consecrated in the 5th  and 14th  amendments of the United States Constitution, for more  than  nine hundred sixty (960) hours or 40 days and according to the jurisprudence above the herein the defendants must pay a compensation of more sixty  million dollars, $60,000,000.00.

22. In compliance with the jurisprudence quoted above the plaintiff request to this Honorable Court to order a monetary compensation for all the damages that the Plaintiff has suffered, no less than one Million five hundred sixty five Thousand and two hundred seventeen dollars, $1,565.217.00 per each day that the plaintiff has been unlawfully imprisoned after having completed his concurrent sentence of 24- month dictated by the court of Louisiana. Said sentence was served in January 2, 2019; Please See: Case, James C. Trezevant vs. CITY OF TAMPA, 741 F. 2d 336, (11th Cir 1984)

23. That this Honorable Court orders the Plaintiff release immediately.

24. To cancel all detainers put by Immigration and Naturalization Service of the U.S., while the Plaintiff follows up with the legal process, until he is indemnified for all the harm that was done to him by the State jurisdiction as well as the Federal.

25. Given the circumstances that the plaintiff is an indigent person, he cannot hire someone who can call together to the herein defendants. The plaintiff requests this Court to issue an order to the sheriffs to summons the defendant's to appear in court.

26. That this court notify to all the herein defendant's according to the rules of this Honorable Court.

27. For all of which the plaintiff complaint, respectfully requests from this Honorable Court to grant the DEMAND and CLAIM in URGENT HABEAS CORPUS to the protection of the Rule 2241 and/or 42 USCS. [1983, (...and TORT) and to dictate any other process that are proceedings in right.

Respectfully submitted this 4th day of April, 2019.

_____
Octavio Bringas
Inmate #:08680-095
P.O. Box 1600
Washington, MS 39190

I, **Octavio Bringas**, Declare under penalty of perjury under the laws of the United States, pursuant to Title 28 U.S.C. § 1746(1), Without the United States, that the foregoing is true and correct.

By: _____
    **Octavio Bringas**

**AND/OR**

**JURAT /ACKOWLEDGEMENT**

COUNTY OF ADAMS                    )
                                   ) Scilicet
STATE OF MISSISSIPPI               )

SUSCRIBED, AND SWORN (or AFFIRMED), this 4th day of April 2019, A.D. _____, Notary, that **Octavio Bringas**, personally appeared before me and executed this Declaration of Oath and known to me, to be the man, whose name subscribed to the within instrument and acknowledged to be the same to me on the basis of satisfactory evidence before me.

_____ Seal;

Notary Public Signature

Notary Public in and for said State MS

My Commission Expires: June 9, 2020

Enclosed please find the names and their addresses of those persons that are responsible of my continuing imprisonment unlawfully to whom I have invoked but their response is that the Court can solve it.

**INFORMATION: NAMES and ADDRESSES**

**Hugh Hurwitz**
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C 20530-0001

**Mark Ien**
To: the Director of the Bureau Federal of Prisons (B.O.P.)
Or who may be assign.
320 First St. NW
Washington DC 20534

**Mr. Gillis**
Warden. ACCC
P.O. Box 1600
Washington, MS 39190

**Ms. Johnson**
Record Supervisor
Adams County Correctional Center
P.O. Box 1600
Washington, MS 39190

**Ms. Gavette**
Grievance Coordinator.
Adams County Correctional Center
P.O. Box 1600
Washington, MS 39190

**Ms. Knigt**
Case Manager.
Adams County Correctional Center
P.O. Box 1600
Washington MS 39190

**Ms. Pernell**
Counselor.
Adams County Correctional Center
P.O. Box 1600
Washington, MS 39190

SBRR
sbrr