## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**OCTAVIO BRINGAS, # 08680-095**                                                    **PETITIONER**

**VERSUS**                                             **CIVIL ACTION NO. 5:19cv14-DCB-MTP**

**UNITED STATES OF AMERICA, BUREAU
OF PRISONS, HUGH HURWITZ, MARK
IEN, WARDEN GILLIS, RECORD
SUPERVISOR JOHNSON, GRIEVANCE
COORDINATOR GAVETTE, CASE
MANAGER KNIGHT, COUNSELOR
PERNELL, JOHN DOE, CHARLIE DOE,
RICHARD DOE, and CORECIVIC-AC**                                **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal.   *Pro se*

Petitioner Octavio Bringas is incarcerated with the Bureau of Prisons ("BOP"), and he brings this

action pursuant to 28 U.S.C. § 2241 "and/or 42 USCS [1983, (. . . and TORT!) [sic]."   (Pet. at

1).   He challenges the calculation of his sentence.   The Court has considered and liberally

construed the pleadings.    As set forth below, the tort claims are dismissed without prejudice.

DISCUSSION

On February 14, 2019, Petitioner filed the instant action, specifically invoking habeas

corpus jurisdiction pursuant to § 2241 "and/or" § 1983 and tort law.    He paid the $5.00 habeas

filing fee.    Petitioner is currently housed by the BOP at the Adams County Correctional Center

in Natchez, Mississippi.

Petitioner claims that he was wrongfully denied sentence credits for good conduct as well

as for time served in state prison on a concurrent state sentence.    As a result, he claims he is

currently being held by the BOP longer than he should be.    He asks this Court to release him

and to award him damages.

To the extent Petitioner seeks a speedier release, he must pursue such relief through a petition for writ of habeas corpus.   *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).   To the extent he seeks damages, the case may be cognizable as a civil rights action.   *Id.*   When a Petition contains both habeas and civil rights claims, the Court should separate the claims.   *Id.* Therefore, to the extent Petitioner is filing civil rights or tort claims seeking damages they will be dismissed without prejudice to his right to pursue them in a separate civil action.   The habeas claims for release shall proceed.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, the claims for damages are dismissed without prejudice.   The remainder of this case shall proceed.

So ordered and adjudged, this the  17th  day of April, 2019.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

2