**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**OCTAVIO BRINGAS**                                                      **PETITIONER**

**v.**                                              **CIVIL ACTION NO. 5:19-cv-14-DCB-MTP**

**SHAWN R. GILLIS**                                                      **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Octavio Bringas. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be denied and this action be dismissed without prejudice.

### BACKGROUND

Petitioner is a citizen of Mexico who was removed from the United States in 2012. Complaint at 3, *United States v. Octavio Bringas-Posadas*, No. 3:17-cr-32 (M.D. La. Mar. 15, 2017). At an unknown time, Petitioner made his way back into the United States and was arrested in March of 2017 for his involvement in a shooting which resulted in a woman's death. *See* [16] at 2. On March 30, 2017, Petitioner was charged with possessing multiple firearms and ammunition and re-entry into the country after removal. *Id*. He plead guilty to both charges and was sentenced to 24 months in custody. *Id*.

On February 14, 2019, Petitioner filed the instant Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2241. *See* [1]. He argues that his sentence was calculated incorrectly based on the Bureau of Prison's ("BOP") failure to credit his sentence for time spent in pre-trial custody. *Id*. at 3. Petitioner requests release from custody and sixty-million dollars. *Id*. at 4-5. On June 24,

2019, Respondent filed his Response [16] challenging the petition based on Petitioner's failure to exhaust administrative remedies prior to filing this action.

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. § 542.10 *et seq.*, points out that the BOP has a multi-step administrative process for resolving prisoner complaints. The final step in the grievance process is an appeal to the BOP's Office of General Counsel. 28 C.F.R. § 542.15. Respondent asserts that Petitioner failed to complete this process. *See* [16-1] at 3. Respondent points to Petitioner's administrative remedies records which show that Petitioner filed a grievance on two separate occasions. *Id.*; *see also* [16-2] at 2. Both grievances were denied, and he did not appeal the first

denial to the Office of General Counsel or the second to the Bureau of Prisons' general counsel as required by the multi-step process.[1] *See* [16-1] at 3.

As discussed above, prisoners are required to exhaust administrative remedies in a procedurally correct manner. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91; *see also Metrejean v. Upton*, 2012 WL 3288678, at * 3 (E.D. Tex. Mar. 27, 2012) ("Administrative remedies must be fully exhausted in a procedurally correct manner."); *Glaude v. Longley*, 2012 WL 5335296, at *2 (S.D. Miss. Oct. 1, 2012) ("an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal").  Petitioner did not comply with the BOP's administrative procedural rules.

Additionally, Petitioner has failed to demonstrate extraordinary circumstances for his failure to exhaust administrative remedies. *See Fuller*, 11 F.3d at 62. Petitioner's vague and conclusory assertions that he should not have to exhaust his administrative remedies as this is a "strict violation" of his Constitutional rights and that exhaustion would take "too long" does not demonstrate that the administrative remedies were unavailable or futile. *See* [1] at 2-3; *see also Cole v. Upton*, 2012 WL 928312, at *3 (E.D. Tex. Feb. 22, 2012) (holding that conclusory allegations are insufficient to raise a constitutional claim that establish extraordinary

---

[1] Petitioner filed his first administrative grievance 968214-R1 on December 10, 2018. *See* [16-1] at 3. It was denied, and Petitioner never appealed the decision to the General Counsel's office. *Id*. Petitioner's second administrative grievance 962358-R1 was filed on December 11, 2018 and was rejected for being filed at the incorrect level. *Id*. Petitioner never corrected the filing and therefore never sufficiently exhausted his administrative remedies. *Id*. A copy of Petitioner's administrative remedy history is attached as Exhibit B to the Response [16]. *See* [16-2].

circumstances); *see also Brown v. Young*, 2009 WL 666945 at *3 (W.D. La. Feb. 3, 2009) (holding that petitioner carries the burden of persuasion to show that administrative remedies would be futile). The BOP should have an opportunity to consider Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in this Court. *See Buckley v. Pearsons*, 2011 WL 3022539, at *1-2 (S.D. Miss. May 25, 2011); *Champkungsing v. United States*, 2010 WL 3120044 (S.D. Miss. Aug. 4, 2010); *Braddy v. Fox*, 2014 WL 3884251, at *2 (E.D. Tex. Aug. 7, 2014).  As Petitioner has failed to properly exhaust his administrative remedies, his Petition should be dismissed.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of habeas Corpus [1] be DENIED and that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 10th day of December, 2020.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE